UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COURTNEY DEVLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | |
| NOBLE ANESTHESIA PARTNERS, PLLC, | ) | 3:20-CV-3066-G |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Noble Anesthesia Partners, PLLC ("Noble") to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted (docket entry 19). For the reasons set forth below, the motion is denied.

### I. BACKGROUND

From February 1, 2017 until October 8, 2018, Noble employed the plaintiff Courtney Devlin ("Devlin") as a certified registered nurse anesthetist. Plaintiff's First Amended Complaint ("Complaint") (docket entry 17) ¶ 4.1; Noble Anesthesia Partners, PLLC's Second Amended Motion to Dismiss ("Motion") (docket entry 19) at 1, 6. Devlin worked for Noble at medical facilities throughout the Dallas, Texas, metropolitan area with whom Noble held service contracts ("Noble Facilities"). Complaint ¶ 4.1.

Jerran S. Vascoe ("Vascoe"), a physician "engaged by" Noble, and Devlin "worked closely together on numerous occasions at two different Noble Facilities in which Vascoe acted as Ms. Devlin's supervisor and/or manager." *Id*. ¶¶ 4.2, 4.3. On or about July 4, 2018, Vascoe allegedly attacked Devlin at his residence in Dallas, Texas, causing injuries to Devlin's throat and knee. *Id*. ¶¶ 4.4-4.7. On or about July 5, 2018, Devlin reported the assault to her supervisor at Noble. *Id*. ¶ 4.8.

Thereafter, Dr. Thomas Kenjarski ("Kenjarski"), a Noble co-founder and managing partner, sent Devlin a memorandum styled "Performance Improvement Plan" which "detailed that there would be follow up by Noble in thirty days and threatened further action if [Devlin] failed to 'meet or exceed Noble's expectations.'" *Id*. ¶ 4.10; *see also* Declaration of Thomas Kenjarski, M.D. ("Kenjarski Declaration") ¶ 1 (docket entry 19-1), *attached to* Motion as Exhibit 1.

On September 16, 2018, Devlin emailed Kenjarski and others that she was unable to come to the work the following day "due to medical issues with her injuries." Complaint ¶ 4.11; *see also* Email Exchanges Between Devlin and Kenjarski ("Email Exchanges"), *attached to* Complaint as Exhibit A (docket entry 17-1), Email Dated September 16, 2018, 7:40 p.m. (docket entry 17-1, at 13-14).

In response, on September 17, 2018, Kenjarski emailed Devlin the following:

> Good afternoon,
>
> Noble assigned you to work today.  Last night, you
> notified Noble that you would be unavailable to work due
> to medical reasons.  Please explain why you were
> unavailable to work today . . . .

- 2 -

Email Exchanges, Email Dated September 17, 2018, 3:40 p.m. (docket entry 17-1, at 10-13). On September 17, 2018, Devlin replied that she could not return to work on the advice of her physician. Complaint ¶ 4.12; *see also* Email Exchanges, Email Dated September 17, 2018, 8:13 p.m. (docket entry 17-1, at 9-10).

On September 18, 2018, Kenjarski emailed Devlin and asked her to execute a release of medical records for her doctor's office or to provide information as to why she could not work on the previous day. *See* Email Exchanges, Email Dated September 18, 2018, 8:23 a.m. (docket entry 17-1, at 6-9). Later that day, Devlin requested a two-week leave of absence and inquired about Noble's policies pursuant to the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq*. Complaint ¶ 4.12; Email Exchanges, Email Dated September 18, 2018, 4:41 p.m. (docket entry 17-1, at 5-6) ("After consulting with my physician, I respectfully request a two (2) week medical leave of absence in accordance with FMLA and/or other Noble policies and procedures. I request the leave be paid."); *see also* Plaintiff's Response to Defendant's Second Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("Response") (docket entry 20) at 2-3.

On September 19, 2018, Kenjarski informed Devlin that she did not qualify for FMLA leave. Complaint ¶ 4.12; Response at 3; *see also* Email Exchanges, Email Dated September 19, 2018, 9:36 a.m. (docket entry 17-1, at 4-5) ("You do not qualify for Family Medical Leave from Noble and, as you must know, FMLA leave would be unpaid. Furthermore, you do not have any remaining Time Off from Noble."). Devlin replied, "I referred to FMLA because it is referenced in the Noble

CRNA Handbook.  I saw that FMLA leave was unpaid, but I was hoping Noble would accommodate a paid leave.  Please help me understand why I do not qualify for a Noble FMLA leave, or what I can do to qualify." *See* Email Exchanges, Email Dated September 19, 2018, 7:18 p.m. (docket entry 17-1, at 3-4).  On September 20, 2018, Kenjarski responded, "Noble is not a covered employer under the Family Medical Leave Act as it does not have enough employees and, therefore, you do not qualify for those benefits."  See *id.*, Email Dated September 20, 2018, 10:47 a.m. (docket entry 17-1, at 2-3).  On September 23, 2018, Devlin replied that she was "disappointed to hear that Noble does not participate as a FMLA employer."  See *id.*, Email Dated September 23, 2018, 2:56 p.m. (docket entry 17-1, at 2).  On September 24, 2018, Kenjarski explained, "As I am sure you understand, Family Medical Leave only applies to employers with the requisite number of employees."  See *id.*, Email Dated September 24, 2018, 10:39 a.m. (docket entry 17-1, at 1).

On October 1, 2018, Devlin sent Noble a copy of a letter from her physician "stating that her damaged knee required surgery and that she would be unavailable to work until approximately six weeks following rehabilitation from the surgery" and a copy of Noble's Employee Notification of Disability and Request for Accommodation form.  Complaint ¶ 4.16.  On October 4, 2018, Kenjarski informed Devlin that Noble would grant her a six-week leave of absence following her surgery but stated that Devlin's letter from her physician was "insufficient to excuse her from work" for the period beginning October 8, 2018, until October 19, 2018, her surgery date.  *Id.* ¶ 4.17; Response at 3.  Kenjarski also advised Devlin that Noble would not pay her

for time spent at court proceedings Devlin attended in conjunction with a protective order she sought against Vascoe. Complaint ¶ 4.18.

On October 5, 2018, Devlin received a scheduling email from Noble that she was slated to work at Dallas Medical Center on October 8, 2018. *Id*. ¶ 4.19. Devlin responded that she could not return to work per her physician and her Employee Notification of Disability and Request for Accommodation form. *Id*.

On October 9, 2018, Noble terminated Devlin's employment pursuant to the parties' employment agreement. *See* Letter from Christopher A. Payne to Devlin Dated October 9, 2018 ("Termination Letter"), *attached to* Complaint as Exhibit B.

On October 11, 2018, Devlin underwent surgery for a torn meniscus, an injury which allegedly occurred during Vascoe's attack on her. Complaint ¶ 4.7; Response at 2.

On June 29, 2020, Devlin filed a case in the 191st Judicial District Court of Dallas County, Texas ("state court") against Vascoe and Noble.[1] Motion at 2. On October 6, 2020, Devlin filed an amended petition in state court.[2] *Id.* at 3*; see generally* Plaintiff's First Amended Petition, *attached to* Motion as Exhibit D.

On October 6, 2020, Devlin also filed the instant suit based on the same underlying operative facts as the state court case, alleging that Noble violated the

---

[1] Cause Number DC-20-08888 (pending).

[2] Devlin sued Noble for ratification and for violations of the Texas Labor Code. Motion 2-3; *see also* Plaintiff's First Amended Petition, *attached to* Motion as Exhibit D.

FMLA. Motion at 2; *see also* Plaintiff's Original Complaint (docket entry 1). On December 7, 2020, Devlin amended her complaint. *See generally* Complaint; see also *id*. ¶ 4.22 ("Noble refused to grant leave to Ms. Devlin after she requested time off for injuries and refused to reinstate her after her medical leave for surgery to her knee in violation of her FMLA rights."). Specifically, Devlin contends as follows.

> Defendant interfered with Plaintiff in the exercise of her FMLA rights by failing to inform her of her right to FMLA leave as required under DOL regulations. See 29 C.F.R. §825.300(b). Defendant further interfered by dismissing Plaintiff from work and by failure to reinstate Plaintiff to her position before medical leave. Defendant further interfered by refusing to pay Plaintiff during court appearances after her request for FMLA leave. The failure to reinstate following leave constitutes both interference with leave, and improper discrimination because of the use of leave.

*Id*. ¶ 5.5. Devlin attached four exhibits to her amended complaint.[3]

Noble now moves to dismiss Devlin's claims against it. *See generally* Motion. To its motion, Noble attached Kenjarski's declaration with payroll records attached to the declaration as Exhibits A and B. *See generally* Kenjarski Declaration; see also *id*. ¶ 2 ("Noble did not have any employees before 2017. As evidenced by the payroll records attached hereto as Exhibits, 'A,' and 'B,' Noble did not employ 50 people at any time during the years 2017 and 2018 when Ms. Devlin was employed with

---

[3]   Exhibit A:  Email Exchanges;
Exhibit B:  Termination Letter;
Exhibit C:  List of purported Noble employees;
Exhibit D:  Job posting from www.gaswork.com (listing "Number of Full-time anesthesiologists" as 38 and "Number of Full-time CRNAs" as 25). *See* Complaint.

Noble."). In his declaration, Kenjarski rebuts the exhibits attached to Devlin's complaint. *See, e.g., id.* ¶ 6 ("Plaintiff and /or her counsel are apparently attempting to count physicians, who are independent contractors, as Noble employees. Noble does not employ the physicians. In virtually every case where a physician is listed in the materials provided as Exhibit 'C' to the Plaintiff's First Amended Complaint, the physician is employed by an independent entity in which Noble does not have any ownership interest.").

On January 19, 2021, Devlin responded to Noble's motion to dismiss and attached her declaration. *See generally* Response. In lieu of filing a reply to Devlin's response to its motion to dismiss, on February 2, 2021, Noble filed an "objection" to Devlin's declaration. *See generally* Noble Anesthesia Partners, PLLC's Objection to Courtney Devlin's Response to Defendant's Second Amended Motion to Dismiss (docket entry 21); see also *id.* at 4 ("Defendant Noble respectfully requests that the Court strike Paragraphs 2, 3, 4, and 5 of Ms. Devlin's declaration should be stricken in their entirety . . . .").[4]

---

[4] The court construes Noble's "objection" as a motion to strike portions of Devlin's declaration. So construed, the motion is **DENIED**.

II.  ANALYSIS

A.  Standard for Determination under Rule 12(b)(6)[5]

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted).  "Factual allegations must be

---

[5]  When matters outside the pleadings are considered by a district court on a motion to dismiss, Rule 12(d) requires the court to treat the motion as one for summary judgment and to dispose of it as required by Rule 56.  FED. R. CIV. P. 12(d). Accordingly, consideration of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) requires a court to limit its inquiry to the contents of the pleadings, including documents attached thereto or incorporated in the complaint. See *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents attached to a motion to dismiss that "are referred to in the plaintiff's complaint and are central to her claim[s]" are properly within a court's consideration of a Rule 12(b)(6) motion.  *Id*. at 498-99 (quoting *Venture Associates Corporation v. Zenith Data Systems Corporation*, 987 F.2d 429, 431 (7th Cir. 1993)); see also *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").  Therefore, because all of the documents submitted by Noble in support of its motion to dismiss are central to Devlin's claims, are referred to or attached to her amended complaint or in her response to the amended motion to dismiss, the court may properly consider these documents without converting this motion to dismiss into a summary judgment motion.

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the

"context-specific task" of determining whether the plaintiff's allegations "nudge" her claims against the defendant "across the line from conceivable to plausible." See *id*. at 679, 683.

## B.  FMLA

Enacted in 1993, the FMLA sought to meet the needs of families while accommodating the legitimate interests of employers.  *Bocalbos v. National Western Life Insurance Company*, 162 F.3d 379, 382 (5th Cir. 1998) (citing 29 U.S.C. § 2601(b)(3)), *cert. denied*, 528 U.S. 872 (1999).  To achieve this goal, the FMLA allows eligible employees working for covered private-sector employers to take temporary leave because of a "serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  An eligible employee is granted the right, under certain circumstances, to take up to 12 workweeks of leave in a 12-month period.  *Id*. § 2612(a)(1).  Not all employees are eligible to take such leave, so the issue of FMLA eligibility is a threshold question in FMLA suits.

First, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the FMLA. *Id*. § 2615(a)(1).  Second, "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" under the FMLA.  *Id*. § 2615(a)(2).  Finally, Section 2615(b) prohibits persons from interfering with proceedings or inquiries related to the FMLA.

Under the FMLA, an "employer" is "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." *Id*. § 2611(4)(A)(i). The FMLA excludes from "eligible employee" status "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." *Id*. § 2611(2)(B)(ii). The FMLA's "employee-numerosity requirement is an element of the claim, not a limit upon the federal-court's subject-matter jurisdiction." *Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 353 (5th Cir. 2006).

Noble maintains that "Devlin's Original Complaint is entirely devoid of any factual basis for asserting that Noble is a 'covered' employer subject to the terms and conditions of the FMLA." Motion at 5. Specifically, Noble contends as "a private sector employer . . . [it] has never employed 50 or more employees for each working day during each of (20) or more calendar workweeks in any year of its existence, let alone the year in which Plaintiff claims a violation, or the preceding year." *Id*. at 1. Noble further asserts that exhibits attached to Devlin's complaint [*i.e.*, Exhibit C (docket entry 11-3) and Exhibit D (docket entry 11-4)] fail to "demonstrate that employment of anyone listed lasted 20 weeks, or that they were employed within seventy-five (75) miles of Ms. Devlin's place of employment as required by FMLA." *Id*. at 2. Thus, Noble asserts that Devlin has failed that state claims upon which relief can be granted. See generally *id*.

Conversely, Devlin avers that "[b]ased upon information and belief, Defendant Noble was subject to the provisions of the FMLA. Defendant employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for twenty (20) or more work weeks in the prior or current calendar year of Plaintiff's termination. Defendant Noble was Plaintiff's W-2 employer and disbursed her paychecks." Complaint ¶ 5.3. Devlin asserts that she "offers evidence to raise a legitimate fact question as to whether Noble employs enough employees to support an FMLA claim [, but a]t a minimum, Plaintiff's proffered evidence supports Plaintiff's request for further discovery on the issue of the number of Noble's employees." Response at 1. The court agrees.

The thrust of the motion is that Devlin has failed to state claims upon which this court could grant her relief. The court concludes, however, that Devlin has plausibly alleged that Noble is an employer under the FMLA; thus, Noble has failed to show that Devlin could prove no set of facts in support of her claims that would entitle her to relief.

### III.  CONCLUSION

For the reasons stated, the motion is **DENIED**.

**SO ORDERED.**

April 22, 2021.

_A. Joe Fish_
**A. JOE FISH**
**Senior United States District Judge**